**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4133**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE BARRETT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (CR-04-244)

---

Submitted: September 29, 2006          Decided: October 20, 2006

---

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal is before the court after our limited remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Ronnie Barrett appeals the 120-month sentence imposed following his conviction on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). He contends that imposition of a sentence greater than the alternate sentence stated by the court during his original sentencing hearing resulted in an unreasonable sentence. We find that the district court properly applied the sentencing guidelines and that the sentence imposed is reasonable. We therefore affirm the sentence.

This court reviews the imposition of a sentence for reasonableness. Booker, 543 U.S. at 260-61; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. If the sentence imposed is within the advisory guideline range, it will be presumed to be a reasonable sentence. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Barrett contends that his sentence is unreasonable because the district court, relying on the same presentence report and the same facts as were available during his original sentencing proceeding, imposed on resentencing a sentence greater than the alternate sentence expressed by the court as applicable should the United States Supreme Court declare the sentencing guidelines unconstitutional in their entirety. The Supreme Court did not declare the guidelines wholly unconstitutional, but rather upheld the guidelines except to the extent that they were mandatory. See Booker, 543 U.S. at 233 (stating that the sentencing guidelines, if merely made advisory, would not violate the Sixth Amendment).

On resentencing, the district court properly followed the sentencing procedure outlined by this court in Hughes, 401 F.3d at 546-47. The court determined the applicable sentencing range under the guidelines, and then determined whether a sentence within that range was appropriate. Specifically, the court considered the fact that Barrett fled from officers, turned and pointed a loaded firearm at the officers, and, but for his slipping and falling, he may have fired the weapon. When apprehended after again trying to flee, Barrett was in possession of a second firearm. The district court stated that the "seriousness of the offense jumps out to the Court" and "but for just sheer fortune, an officer is not now dead." The court also noted Barrett's 13-year criminal history and his failure to reform his conduct when given the opportunity to do

so as a youth. Additionally, the court found a need to protect the public from Barrett's continued criminal activity. Considering all these things, as well as Barrett's statements of his lack of family support and his difficult childhood, the court found that a 120-month sentence--the statutory maximum--was appropriate.

Because the district court adequately explained the basis for its sentencing decision and considered both Barrett's arguments and the § 3553(a) factors with respect to Barrett and his conduct, we find that the resulting 120-month sentence was reasonable. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); <u>Green</u>, 436 F.3d at 457. Accordingly, we affirm Barrett's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>